IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CARRIE TEAGER, | ) |
| | ) |
| Plaintiff, | )  1:16-cv-02213 |
| | ) |
| v. | ) |
| | ) |
| GLOBAL RECEIVABLES | ) |
| SOLUTIONS, INC., | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

NOW COMES the plaintiff, CARRIE TEAGER, by and through her attorneys, SMITHMARCO, P.C., and for her Complaint against the defendant, GLOBAL RECEIVABLES SOLUTIONS, INC., the plaintiff states as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II. JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III. PARTIES

4. CARRIE TEAGER, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Naperville, County of DuPage, State of Illinois.

5. The debt that Plaintiff was allegedly obligated to pay was a debt allegedly originally owed by Plaintiff to Department of Education (hereinafter, "the Debt").

6. The Debt was for a student loan.

7. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8. GLOBAL RECEIVABLES SOLUTIONS, INC., (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Illinois. Defendant's principal place of business is located in the State of Nebraska. Defendant is incorporated in the State of Illinois.

9. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

10. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

11. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

12. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

13. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## IV. ALLEGATIONS

14. On or about October 29, 2015 Plaintiff received a telephone call from Defendant, in an attempt to collect the Debt.

15. The telephone call from Defendant seemingly originated from telephone number (224) 220-3802

16. Notwithstanding the fact that Defendant was attempting to collect the Debt from Plaintiff, at no time during the course of the aforementioned telephone call to Plaintiff did Defendant provide information relative to the caller's identity.

17. Notwithstanding the fact that Defendant was attempting to collect the Debt from Plaintiff, at no time during the course of the aforementioned telephone call to Plaintiff did Defendant advise Plaintiff that it was a debt collector, that it was attempting to collect a debt and that any information obtained would be used for that purpose.

18. In its attempts to collect the debt allegedly owed by Plaintiff to Department of Education, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

   a. Placed a telephone call to a consumer without meaningful disclosure of the caller's identity in violation of 15 U.S.C. §1692d(6);

   b. Failed to disclose in communications that said communication was from a debt collector and that any information obtained during the communication will be used for the purpose of collecting a debt in violation of 15 U.S.C. §1692e(11);

   c. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

19. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

## V. JURY DEMAND

20. Plaintiff hereby demands a trial by jury on all issues so triable.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, CARRIE TEAGER, by and through her attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

    a.    All actual compensatory damages suffered;

    b.    Statutory damages of $1,000.00;

    c.    Plaintiff's attorneys' fees and costs;

    d.    Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,
**CARRIE TEAGER**

By:   s/ David M. Marco
      Attorney for Plaintiff

Dated: February 12, 2016

David M. Marco (Atty. No.: 6273315)
SMITHMARCO, P.C.
20 South Clark Street, Suite 2120
Chicago, IL 60603
Telephone: (312) 546-6539
Facsimile: (888) 418-1277
E-Mail: dmarco@smithmarco.com